■ RUDY JOHLER, Respondent, v CONSOLIDATED LAUNDRIES CORP. et al., Appellants.—Order, Supreme Court, New York County, entered July 12, 1974, denying defendants' motion for summary judgment, unanimously

reversed, on the law, without costs and disbursements, and the motion granted. Plaintiff, a former employee of the corporate defendant, was indicted for the crime of grand larceny in the second degree in that with the requisite intent he stole property (linens) from said employer having an aggregate value of $221. Having been found not guilty of this charge after a nonjury trial, plaintiff initiated the instant malicious prosecution action. Special Term denied the defendants' motion for summary judgment (CPLR 3212) on the primary basis that a factual issue was presented as to whether the individual defendant, the plant manager of the corporate defendant, testified falsely before the Grand Jury. The fact of the indictment "in itself constitutes prima facie evidence of probable cause which may be overcome only by proof that there was not a full and complete statement of facts to the Grand Jury, or that defendant falsified the evidence or kept back information of facts which might have affected the result *(Hopkinson v. Lehigh Val. R. R. Co.,* 249 N. Y. 296; *Berger v. American Nat. Fire Ins. Co.,* 279 App. Div. 335, 336)" *(Eberhardt v Consolidated Edison Co. of N. Y.,* 1 AD2d 1001, affd 3 NY2d 968). Thus, plaintiff in opposing summary judgment was required to reveal his proofs in order to show that matters set up in his complaint are real and can be established upon a trial (see *Di Sabato v Soffes,* 9 AD2d 297). This, plaintiff failed to do. Examination of the complaint discloses that despite allegations that the plant manager failed to inform the Grand Jury of "the surrounding facts and circumstances of the said charge" and that plaintiff was indicted because the plant manager withheld from the Grand Jury "the proof and facts hereinafter alleged", no specification of such proof, facts and circumstances appears in the complaint. The mere allegations in the complaint set forth above, repeated in the attorney's affidavit in opposition to the defendants' motion without presenting any evidentiary showing (proof) in support thereof, is insufficient. It is noted that the complaint as well as the plaintiff's bill of particulars is unverified. There is no affidavit in opposition setting forth personal knowledge of the facts and no abstract of pertinent testimony given by the plant manager at the original trial is submitted. These failures fatally undermine plaintiff's position on this record. Similarly, vague and conclusory assertions of malice, unsupported by any evidentiary facts are, under the circumstances presented by this record and, in light of the aforesaid, of no avail to plaintiff. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Lane, JJ.