■ GERALD TROTTIER, Respondent, v HAROLD WEST, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 24, 1975 in Albany County, upon a decision of the court at a Trial Term. This is an action for malicious prosecution which was tried before the court without a jury and a verdict rendered in favor of plaintiff. This appeal ensued. The record reveals that on July 10, 1973 at about 11:30 P.M. plaintiff and defendant engaged in an altercation in the parking lot of defendant's place of business. With the plaintiff at the time was Reverend Charles Smith, a Catholic priest. Defendant contends that after the altercation he discovered that a sum of money he had in his pocket was missing. There is considerable conflict in the testimony. The most critical discrepancy is whether either Rev. Smith or plaintiff, during the altercation, said "Get his money", as contended by defendant. It is undisputed that defendant signed a complaint against Smith and plaintiff. A preliminary hearing was held and it was determined that both should be held for the action of the Grand Jury. Thereafter, the Grand Jury refused to indict and returned a no bill. The instant action was then commenced. On this appeal defendant contends that plaintiff failed to establish the elements of malicious prosecution; that plaintiff's proof is incredible as a matter of law; and that his motion made at the end of the plaintiff's case should have been granted. More specifically, defendant contends that plaintiff, on his direct case, failed to prove the absence of probable cause for the criminal proceeding and actual malice. Plaintiff had the burden of proof to establish his case and, among other things, had to prove lack of probable cause *(Broughton v State of New York,* 37 NY2d 451). Once it was established, however, that plaintiff was held for the action of the Grand Jury, a presumption arose that there had been probable cause for the prosecution of plaintiff *(Graham v Buffalo Gen. Laundries Corp.,* 261 NY 165). To rebut this presumption, plaintiff had to establish fraud, perjury or the misrepresentation or falsification of evidence at the preliminary hearing *(Broughton v State of New York, supra).* In referring to the statement "Get his money", the trial court found it to be false and concluded that the arraigning Magistrate's action was based upon false information. Plaintiff, therefore, in the trial court's view, had overcome the presumption of probable cause. Defendant contends that the record is devoid of any proof that said testimony was presented to the arraigning Magistrate. It is conceded that the transcript of the preliminary hearing was never introduced into evidence. It is plaintiff's contention that the statement "Get his money" was testified to at the hearing before the Magistrate. To establish the presence of this critical testimony at the preliminary hearing plaintiff relied upon the cross-examination of defendant in the instant trial where his attorney read certain portions of the minutes before the hearing Magistrate wherein, in response to a question, defendant stated that it was plaintiff who said "Grab his money". On direct examination in the instant trial, defendant expressed some doubt as to whether it was plaintiff or Rev. Smith who uttered the remark. The specific question asked on cross-examination at this trial was whether defendant's present memory was any better about who he claimed uttered those words. Defendant responded "No". There was no denial that he made the statement before the Magistrate; but merely that he could not now remember who said it. Implicit in the question and answer is the fact that he did make the statement. Considering the record in its entirety, we are of the view that the Trial Justice properly considered this testimony. As to the question of malice, once the court found lack of probable cause, he could infer malice (36 NY Jur, Malicious Prosecution, § 27). The record on these two issues

presented questions of fact and credibility. The trial court resolved them in favor of the plaintiff and we find no reason to disturb his determination. We have considered all of the other issues raised by defendant and find them unavailing. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.