THOMAS AMBROSINA, Appellant, v PAUL COHEN et al., Doing Business as VISTA CAMERA CENTER, Respondents.—Appeal from an order of Supreme Court, entered June 1, 1976 in the Ulster County clerk's office, which granted a motion made by defendants for summary judgment dismissing the complaint. The facts are relatively simple and without serious dispute. The plaintiff brought two rolls of film to the Vista Camera Center for development. Thereafter he returned and received the finished prints and paid $10 by check. Upon examination of the prints he alleged they were scratched and upon so advising the defendants, it was agreed new prints would be developed. In the meantime and without notice to the defendants, the plaintiff stopped payment on the check made payable to the defendants. When the new prints were developed, the plaintiff again examined them and again alleged that there were scratches thereon and the defendants once again agreed to have new prints developed. The plaintiff, however, requested two new rolls of film, contending that the defendants were responsible for the damage to the films. Upon the defendants' refusal to so comply, the plaintiff departed, taking with him the films and prints and refusing to pay for the same. Later that day the plaintiff was requested by telephone to come to police headquarters where he was charged with a violation of section 165.15 of the Penal Law upon an information signed by one of the local police officers and he was advised to appear that evening before one of the local Justices of the Peace. The same evening he appeared in court without counsel and after some discussion, the Judge advised the plaintiff he would dismiss the criminal charges if he would either pay for or return the prints, whereupon the plaintiff went to the defendants' store and by check paid $10, the amount of the defendants' bill for services. Upon this set of facts the plaintiff commenced an action against defendants for malicious prosecution and false arrest. The defendants in their answer admitted that "Defendants were justified in advising the New Paltz Police Department that plaintiff had committed the crime of theft of services". Subsequent to the service of the pleadings, an examination before trial of the plaintiff was conducted and thereafter the present motion for summary judgment was made and granted. Special Term found that plaintiff made restitution for "the sole purpose of ridding [himself] of any possible criminal liability" and further found "Restitution was admittedly made herein and the proceeding was terminated by agreement of the parties and the charges dismissed. Further, the plaintiff's payment for the services allegedly stolen constitutes as a matter of law proof that reasonable cause existed for his arrest". The record establishes that the defendants in no way participated in the proceedings aside from calling the police department in the first instance. The information on which the arrest was based was signed by one of the police officers, not the defendants, and there was no evidence that the defendants ever appeared in court or indeed knew of the court proceedings

or the recommendation of the Judge to the plaintiff. All that appears is that the plaintiff went to the defendants' store and paid the $10 and that he was accompanied by a policeman. When plaintiff tendered the check and it was accepted by the defendant, tacitly, at least, the transaction was closed. In *Burt v Smith* (181 NY 1, 5) the court stated: "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." In the recent case of *Broughton v State of New York* (37 NY2d 451, 457) the court said: "The tort of malicious prosecution protects the personal interest of freedom from unjustifiable litigation (Prosser, Torts [4th ed], § 119; False imprisonment; liability of private citizen for false arrest by officer, Ann., 21 ALR2d 643). The essence of malicious prosecution is the perversion of proper legal procedures. Thus, it has been held that some sort of prior judicial proceeding is the *sine qua non* of a cause of action in malicious prosecution *(Al Raschid v News Syndicate Co.,* 265 NY 1). Such a judicial proceeding may be either an evaluation by a Magistrate of an affidavit supporting an arrest warrant application, or an arraignment or an indictment by a Grand Jury. The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice (Prosser, Torts [4th ed], § 119). Where the plaintiff institutes a malicious prosecution action he must plead the lack of probable cause (Malicious Prosecution—Probable Cause, Ann., 14 ALR2d 264)." In our opinion the facts enumerated herein fail to establish as a matter of law any basis for an action of malicious prosecution against the defendants. The *Broughton* decision was also concerned with an action for false imprisonment and stated therein (p 456): "The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement. Whenever a person unlawfully obstructs or deprives another of his freedom to choose his own location, that person will be liable for that interference (Restatement, 2d, Torts, § 35, comment *h).* To establish this cause of action the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged (Restatement, 2d, Torts, § 35; but see Prosser, Torts [4th ed], § 11, which rejects the requirement that the plaintiff must be conscious of the confinement). The great weight of authority, including New York, recognizes the rule that neither actual malice nor want of probable cause is an essential element of an action for false imprisonment *(Marks v Townsend,* 97 NY 590; Malice and want of probable cause as element or factor of action for false imprisonment, Ann., 19 ALR 671; Ann., 137 ALR 504; 32 Am Jur, False Imprisonment, § 27). This is in direct contrast with the elements comprising a malicious prosecution action." Upon the present record we likewise find no basis in law for the false imprisonment cause of action (cf. *Parvi v City of Kingston,* 41 NY2d 553.) Informal method of functioning in the Justice Court—not unusual—should not under the present undisputed facts be a basis for the actions sought by the plaintiff. Special Term correctly granted the motion for summary judgment in favor of defendant. Order affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.