■ In the Matter of the Claim of RONALD WILLIAMS, Appellant, v CITY OF HUDSON et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 21, 1978 in Columbia County, which granted defendant's motion for summary judgment and dismissed the complaint. On April 27, 1976, defendant Larry Walker, a police officer of the City of Hudson, obtained an accusatory instrument charging plaintiff with selling a controlled substance in the fifth degree, in violation of subdivision 1 of section 220.34 of the Penal Law. The accusatory instrument was predicated upon the sworn deposition of Calvin Hester, an informer, which stated that plaintiff had sold him $5 worth of marihuana. The City Judge of Hudson City Court thereafter issued an arrest warrant against plaintiff based upon the facts contained in the accusatory instrument. He was arrested and, after a preliminary hearing, was held by the City Court for action of the Grand Jury, which indicted plaintiff on May 12, 1976. Subsequently, Hester was indicted and pleaded guilty to perjury based on his admission that he had lied about plaintiff. On September 27, 1976, the indictment against plaintiff was dismissed on the motion of the Columbia County District Attorney. Plaintiff then commenced this action against the City of Hudson, its police chief and the two police officers who arrested him, alleging causes of action for false arrest, malicious prosecution, negligence and violation of his constitutional and civil rights. Special Term granted defendants' motion for summary judgment and dismissed the complaint. An action for false arrest does not lie for an arrest made pursuant to a warrant which is valid in form and issued by a competent authority on a sufficient accusatory instrument (*Broughton v State of New York,* 37 NY2d 451, 457; *Marks v Townsend,* 97 NY 590, 596-597; *Ford v State of New York,* 21 AD2d 437, 439; *Goldstein v Siegel,* 19 AD2d 489, 491). Here, plaintiff has neither

alleged nor submitted any facts showing that the arrest warrant was void on its face or illegal in form or that the Hudson City Court lacked jurisdiction to issue it. To the contrary, the record demonstrates that the arrest warrant complied with CPL 120.10, and was properly based upon an accusatory instrument sufficient on its face (CPL 100.30). Plaintiff's cause of action for malicious prosecution was also properly dismissed. Since plaintiff was held for action of, and indicted by, the Grand Jury, a presumption arose that probable cause existed for his prosecution, which plaintiff had the burden to rebut (Trottier v West, 54 AD2d 1025). Although the informant perjured himself, the record contains no facts showing that the defendants committed fraud, perjury, misrepresentation, or falsification of the evidence. Moreover, plaintiff has alleged no facts to support his contention that the defendant Walker knew that the informant had committed perjury. Consequently, plaintiff as a matter of law failed to rebut the presumption of probable cause and, therefore, did not establish an essential element for an action of malicious prosecution (Broughton v State of New York, 37 NY2d 451, 457, supra; Ambrosina v Cohen, 57 AD2d 680, 681). We have examined plaintiff's remaining causes of action and find that they are wholly without merit. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane, and Staley, Jr., JJ., concur.