PATRICK J. CUNNINGHAM, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61891.)

Third Department, December 6, 1979

### APPEARANCES OF COUNSEL

*Sweeney, Cunningham & Krieg, P. C. (Marc S. Krieg* of counsel), for appellant.

*Robert Abrams, Attorney-General (Peter J. Dooley, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for respondent.

### OPINION OF THE COURT

SWEENEY, J.

While the claim in question is somewhat unclear, from our reading and analysis, we are of the view that it seeks to allege causes of action for malicious prosecution, abuse of process and violation of constitutional rights. The claim is an outgrowth of the investigation by Deputy Attorney-General Maurice Nadjari, resulting in four indictments against appellant, all of which were subsequently dismissed. One of the dismissals was based, in part, on the "pervasively and fundamentally unfair presentation" by the Deputy Attorney-General, and another on the "shockingly improper and prejudicial manner in which this matter was presented to the Grand Jury".

The Court of Claims concluded that the prosecutor had absolute immunity for all actions and decisions he made as an advocate and, since the claim did not allege any actions or decisions outside the role of advocate, the claim had to be dismissed. The court, however, granted leave to replead to allege investigatory or administrative abuses. This appeal ensued.

A resolution of this controversy requires an examination of the doctrine of prosecutorial immunity. The rule is a creature of public policy and has its roots in the common law. Traditionally and historically, a prosecutor has been afforded absolute immunity in initiating a prosecution and presenting the State's case. This position was recently reaffirmed by the United States Supreme Court *(Imbler v Pachtman,* 424 US 409). Such immunity is a prerequisite to the orderly and fearless prosecution necessary for the proper functioning of

the criminal justice system. A more qualified immunity would subject a prosecutor to possible civil action with obvious harmful results. While a wronged defendant would be without civil redress, such is subordinate to the broader public interest.

We must, therefore, examine the claim and attached exhibits to ascertain the specific actions of the prosecuting attorney for which appellant seeks redress. The alleged abuses include failure to properly instruct the Grand Jury on the law, introduction of inadmissible evidence, lack of an impartial attitude on the part of the prosecutor, lack of probable cause to bring the matter before the Grand Jury, overzealous cross-examination of witnesses, selective and highly distorted presentation of evidence, introducing altered recorded conversations and the use of an overtly false affidavit to obtain a wiretapping warrant. In our view, all but the last alleged abuse clearly pertain to activities which were intimately associated with the judicial phase of the criminal process and are quasi-judicial in nature, for which there is absolute prosecutorial immunity. Consequently the claim was properly dismissed.

We now pass to a consideration of the court's granting claimant the right to replead. This was based on the court's reasoning that absolute immunity did not extend to those actions of a prosecutor which are investigatory or administrative in nature. Although the *Imbler* court recognized and distinguished the various roles of a prosecutor, it applied absolute immunity only to those actions associated with the judicial process.

Since the basis for absolute immunity ceases to exist when a prosecuting attorney is engaged in a role other than quasi-judicial, he should be afforded only the same immunity granted to those acting in a similar capacity. Consequently, when engaged in the role of investigator, like that of a policeman, he should not enjoy absolute but only qualified immunity *(Guerro v Mulhearn,* 498 F2d 1249; *Robichaud v Ronan,* 351 F2d 533). In *Schanbarger v Kellogg* (35 AD2d 902) this court held that the defendants therein were acting in a quasi-judicial capacity and, thus, were entitled to the defense of absolute immunity from suit. While we would reach this same conclusion today, we are of the view that the language used in that case to the effect that persons acting under an Assistant District Attorney are immune from civil suit for

official acts performed by them in the investigation of a crime is no longer valid insofar as it may be interpreted as conferring absolute immunity upon those engaged in investigative actions. Accordingly, it is the opinion of this court that the Court of Claims properly granted claimant permission to replead in those instances where the prosecutor was acting in other than a quasi-judicial capacity. The order should be affirmed.

We have examined all other arguments urged by appellant and find them unpersuasive.

The order should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Order affirmed, without costs.