■    PAUL P. RAO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61123.)—Appeal from a judgment of the Court of Claims, entered January 30, 1979, granting the respondent's motion for summary judgment. The claim alleges malicious prosecution and arises out of investigations conducted by Special Prosecutor Maurice Nadjari who, in an effort to uncover political corruption, fabricated and stated a false crime of robbery. The part of the defendant was played by an undercover probation officer using the assumed name of Vitale. The contact was a woman named Gatti who knew the claimant, a Judge of the United States Customs Court, slightly. The robbery charge was presented by the Kings County District Attorney's office to a Kings County Grand Jury without the knowledge of either the District Attorney's office or the Grand Jury that the crime was fictitious. Pending arraignment and indictment, Vitale even submitted to jail until bail in the amount of $10,000, as set by an unsuspecting Justice of the Supreme Court, could be furnished. On November 12, 1973, subsequent to the felony complaint, and prior to indictment, Mrs. Gatti approached the claimant as to how Vitale could be helped in his difficulty with the law. This conversation was recorded without the claimant's knowledge. The substance of the conversation was a recommendation by the claimant that his son, a practicing New York City attorney, be contacted to represent Vitale. The son undertook the representation and succeeded in obtaining the reduction of bail from $10,000 to $1,000. He withdrew from the case, however, when Vitale suggested it be "fixed". The Special Prosecutor presented a charge of conspiracy to bribe a Kings County Supreme Court Justice to influence the outcome of the Vitale case to the Special Grand Jury for the Extraordinary Term empaneled to consider the political corruption cases. This Grand Jury was made fully aware that the Vitale case was a sham. In April, 1974, the claimant was called before it. He appeared, waived immunity and testified. In the course of his testimony, he was asked if he had ever told someone that the way to handle the bail problem of Vitale was to "get a lawyer that knows the judge". He denied making such a statement. He also denied telling Mrs. Gatti how to affect a Judge's actions in a criminal case in an effort to aid Vitale. These denials, when weighed against the testimony of Vitale and Gatti and the tape recordings of various conversations, resulted in a two-count indictment against the claimant for perjury. The claimant moved initially to dismiss the indictment for prosecutorial misconduct. The motion was denied, although the conduct and methods of the Special Prosecutor were condemned as "illegal", "outrageous" and "intolerable" (Matter of Nigrone v Murtagh, 46 AD2d 343, 347, affd 36 NY2d 421). On a subsequent motion brought by the son's law partner, the motion to dismiss was granted as to all defendants in the interests of justice, but this dismissal was subsequently reversed on appeal for lack of a hearing and because the Special Prosecutor had not been permitted to answer the motion (People v Rao, 53 AD2d 904). A subsequent motion before the Extraordinary Special and Trial Term on March 15, 1977 resulted in a dismissal of the indictment against the claimant due to the manner in which the evidence had been presented to the Grand Jury, the witnesses having been permitted to express their opinions of the truth or falsity of the claimant's testimony, and because the examinations of the witnesses consisted chiefly of leading and prejudicial questions. On March 17, 1977, the claimant filed his claim against the respondent for malicious prosecution, the sufficiency of which is the subject of this appeal. To sustain it the claimant has the burden of

showing that the criminal proceeding against him was begun in malice, without probable cause of success, and terminated in his favor *(Broughton v State of New York,* 37 NY2d 451). That a criminal proceeding was begun against the claimant and terminated in his favor is obvious. The determinative issue is lack of probable cause, which would permit, but would not require a jury to infer the existence of actual malice from the fact there was no probable cause to initiate the proceeding *(Martin v City of Albany,* 42 NY2d 13, 17). It is the claimant's contention that the Special Prosecutor lacked probable cause to call him before the Grand Jury, the robbery charge being a sham, and, as a result of his testimony there, he was wrongfully indicted. The contention is erroneous. No matter how the investigation was conducted by the Special Prosecutor, nothing he did, no matter how offensive, would license the claimant to commit perjury *(Matter of Nigrone v Murtagh, supra),* and without doubt the claimant's denial under oath of the two statements attributed to him by the other witnesses and the tape recordings supplied probable cause for his indictment. The indictment was found by a Grand Jury that knew that the Vitale case was a ruse. The indictment was subsequent to and independent of the proceeding that indicted Vitale, in which the claimant neither testified nor appeared. The indictment in and of itself constitutes prima facie evidence of probable cause. In order to overcome it the claimant must show that there was not a full and complete statement of facts to the Grand Jury that indicted, or that the prosecutor falsified evidence against the claimant, or withheld information which might have affected the result *(Johler v Consolidated Laundries Corp.,* 54 AD2d 632). None of these factors has been demonstrated by the claimant, no matter how reprehensible he has shown the conduct of the Special Prosecutor to have been. Significantly, the indictment judicially overcame the first challenge to dismiss it. When it was finally dismissed, the dismissal decision of Mr. Justice Sandler specifically stated that there was a reasonable basis for believing that an effort may have been made corruptly to influence the determination of the case arising out of the simulated robbery and that there was a reasonable belief that the claimant possessed relevant information. The dismissal was not based on lack of probable cause to indict, but rather, on the manner in which the witnesses were questioned and permitted to testify. It follows that the Grand Jury proceeding which indicted the claimant was not designed solely and for no other valid purpose than to produce perjury and, therefore, the lack of probable cause is absent from the claim as a matter of law. Furthermore, the dismissal decision having concluded that a reasonable basis existed for presentation of the case of corruption, the Special Prosecutor, acting in a quasi-judicial capacity as an advocate before such Grand Jury, was cloaked in absolute immunity *(Imbler v Pachtman,* 424 US 409, 421-423; *Cunningham v State of New York,* 71 AD2d 181). Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.