Thomas Giagheddu et al., Respondents-Appellants, et al., Plaintiff, v Town of Colonie, Appellant-Respondent.

Third Department, June 26, 1980

### APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case & Blackmore (Dennis A. First* of counsel), for appellant-respondent.

*Robert E. Harris* for Thomas Giagheddu, respondent-appellant.

*William A. Sekellick* for Edward P. Unser, Jr., respondent-appellant.

### OPINION OF THE COURT

HERLIHY, J.:

This appeal involves causes of action for property damage (real and personal) and malicious prosecution stemming from a drug raid by police on a one-family residence in the Town of Colonie (Town).

A brief summary of the facts discloses that in the early morning of March 17, 1972, the State and Colonie Police, working in unison, under and by virtue of a search warrant, broke into a residence at 13 Sebring Avenue, Colonie. The warrant was issued as the result of a surveillance over a period of several weeks and alleged that the premises were

used for drug traffic. Two persons, not parties to this action, were found inside the home.

The plaintiff Giagheddu owned the premises and he alleged and proved various items of damage to his home; the disputed trial issues were proof of proximate cause, identity of the tort-feasor, and mitigation of damages.

As to the plaintiff Unser, he admittedly rented a room at the premises, and the police alleged there were found therein marihuana and some fireworks. The proof established that Unser had not used or occupied the room for a week before the raid and during that time other persons had used the room. On March 22, a warrant was issued for Unser's arrest, charging him with criminal possession of a dangerous drug and unlawfully dealing in fireworks. He learned of the issuance of the warrant on May 10 while in California, and upon his return later in the month he surrendered to the police. The proof shows that during the interim period no further investigation of any kind had been made as to the plaintiff Unser. Following his arrest, it was alleged that he was not promptly granted bail and was confined to jail overnight. The charges were eventually dismissed and this lawsuit ensued. The issues at trial involved malice and/or a lack of probable cause for bringing the criminal proceedings.

█ As to Unser, the assertion of the Town that the record conclusively established probable cause of the criminal proceedings as a *matter of law* is without substance. There were issues of credibility as to when and where the contraband allegedly discovered in Unser's bedroom was found, and that issue was properly submitted to a jury for resolution *(Munoz v City of New York,* 18 NY2d 6; *Trottier v West,* 54 AD2d 1025). The existence of malice could be inferred from the lack of probable cause *(Trottier v West, supra)* and is buttressed by the total circumstances surrounding the police raid, the manner and method of handling the actual arrest and arraignment of Unser, and the delay, which the jury might find unwarranted, in obtaining information from the State Division of Criminal Justice Services.

"[A] jury may, but is not required to, infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding. (E.g., *Dean v Kochendorfer,* 237 NY 384, 389; *Halsey v New York Soc. for Suppression of Vice,* 234 NY 1, 7; *Heyne v Blair,* 62 NY 19, 22; *McKown v Hunter,* 30 NY 625; *Watson v City of New York,* 57 Misc 2d 542, 549;

*Irizarry v City of New York,* 79 Misc 2d 346, 352; see, also, 36 NY Jur, Malicious Prosecution, § 27, pp 287-288; Prosser, Torts [4th ed], § 119, pp 848-849; 1 Harper and James, Law of Torts, § 4.6, pp 321-322.) This inference which permits the jury to infer one fact from other facts already established, really does no more than sanction the application of a process of reasoning which is based upon experience and observation. (Cf. *Justice v Lang,* 52 NY 323, 329; Richardson, Evidence [10th ed], § 56, p 34.)" *(Martin v City of Albany,* 42 NY2d 13, 17-18.) A finding of malice is supported by the evidence.

Finally, the Town asserts that the verdict of $35,000 in compensatory damages for the malicious prosecution of Unser is excessive. However, the record discloses that Unser was required to remain in jail overnight, and it is established that the charge of drug possession caused at least one social organization to discriminate against him. Upon this record the award is not so unrelated to the evidence as to require a reduction.

Accordingly, the judgment in favor of Unser must be affirmed.

■ As to Giagheddu, the record was sufficient to warrant the conclusion that the damage to his property was the result of the conduct of the Town's police and, accordingly, the contention that the verdict is against the weight of the credible evidence must be rejected. Further, there was a failure of proof that Giagheddu did not minimize his damages and the trial court properly refused to charge the jury that he had such a duty.

The Town contends that the award of $8,495 for damages to Giagheddu is not supported by proof; however, the costs proven are sufficiently close to the amount of the award to preclude interference by this court. In so holding, we reject the contention that the testimony by plaintiff's expert must be discredited.

Accordingly, the judgment in favor of Giagheddu must be affirmed.

■ Lastly, the cross appeals do not establish a basis for relief. The express proof offered by Giagheddu for damage to his property does not exceed the reduced amount and, therefore, the trial court properly ordered a new trial unless he stipulates to reduce the verdict of $11,500 awarded by the jury. The plaintiff agreed to such stipulation.

██ Unser failed to offer any proof of the *reasonable* value of his personal property which he alleged had been damaged and, accordingly, the trial court properly dismissed his cause of action for property damage. Unser admitted he made no effort to repair any of the alleged items.

The judgments and order should be affirmed, with one bill of costs to the plaintiffs Thomas Giagheddu and Edward P. Unser, Jr., jointly.

GREENBLOTT, J. P., MAIN, MIKOLL and CASEY, JJ., concur.

Judgments and order affirmed, with one bill of costs to plaintiffs Thomas Giagheddu and Edward P. Unser, Jr., jointly.