56 N.Y.2d 561 (1982)
Charles W. Ryan, Jr., Appellant,
v.
State of New York, Respondent. (Claim No. 59804.)
Court of Appeals of the State of New York.
Argued February 18, 1982.
Decided March 25, 1982.
Charles A. Schiano and Charles O. Baisch for appellant.
Robert Abrams, Attorney-General (Henderson G. Riggs and Shirley Adelson Siegel of counsel), for respondent.
Judges JASEN, GABRIELLI, JONES and WACHTLER concur; Judge FUCHSBERG concurs in a separate memorandum; Chief Judge COOKE and Judge MEYER taking no part.
*562 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
According to claimant's theory of liability as stated in his verified bill of particulars, the acts of prosecutorial misconduct complained of were undertaken by the various employees of the State for the purpose of advancing their own personal interests. That being so, the doctrine of prosecutorial immunity and the legal principle that vicarious liability cannot be imposed upon the State as employer under the doctrine of respondeat superior in such circumstances preclude recovery against the State. (Imbler v Pachtman, 424 US 409; Sauter v New York Tribune, 305 N.Y. 442, 444-445; accord Restatement, Agency 2d, § 235; see, also, Cornell v State of New York, 46 N.Y.2d 1032; Johnson v Daily News, 34 N.Y.2d 33; see, generally, Prosser, Law of Torts [4th ed], § 70, pp 464-466; 2 Harper and James, Law of Torts, § 26.9, pp 1391-1392.) Therefore, claimant's action properly was dismissed.
FUCHSBERG, J. (concurring).
Aside from the pleaded acts of prosecutorial misconduct to which the majority confines itself, claimant's allegations of aggrievement, not without support in the record, may also be said to spell out a charge that the accusations which were made against him not only were baseless but hardly free from political motivation. But, assuming these conflicted with the Code of Professional Responsibility (DR7-103; EC7-14; see, also, EC7-13) or could be thought to justify action to vindicate the victim's reputation (cf. United States v Modica, 663 F.2d 1173, 1185), *563 it seems settled that these too could not support an action against the sovereign in this State (see Rao v State of New York, 74 AD2d 964, mot for lv to app den 50 N.Y.2d 803, cert den 449 US 982; Cunningham v State, 71 AD2d 181).
Order affirmed, with costs, in a memorandum.