■ RICHARD SHOPLAND, Respondent-Appellant, v COUNTY OF ONONDAGA, Defendant, and WILLIAM WALKER, JR., Appellant-Respondent.—Order unanimously modified on the law without costs and as modified affirmed, in accordance with the following memorandum: Special Term erred in denying defendant Walker's motion for summary judgment on the malicious

prosecution cause of action. It is well established that an indictment by a Grand Jury creates a presumption of probable cause *(Colon v City of New York,* 60 NY2d 78, 82; *Lee v City of Mount Vernon,* 49 NY2d 1041; *Landsman v Moss,* 133 AD2d 359, 360; *Malte v State of New York,* 125 AD2d 958, 960, *lv denied* 69 NY2d 607; *Boose v City of Rochester,* 71 AD2d 59, 69). The presumption of probable cause may be rebutted only upon a showing that the indictment was procured by fraud, perjury, the suppression of evidence or other police misconduct *(Colon v City of New York, supra,* at 82-83; *Malte v State of New York, supra,* at 960; *Boose v City of Rochester, supra,* at 69). Here, the affirmation by plaintiff's attorney submitted in opposition to defendant's motion was insufficient to raise a triable issue of fact whether defendant Walker initiated the underlying criminal action maliciously and without probable cause *(see, Phillips v City of Syracuse,* 84 AD2d 957, *affd* 57 NY2d 996; *Rao v State of New York,* 74 AD2d 964, *lv denied* 50 NY2d 803, *cert denied* 449 US 982; *Matter of Williams v City of Hudson,* 69 AD2d 921; *Johler v Consolidated Laundries Corp.,* 54 AD2d 632). Moreover, because plaintiff's cause of action pursuant to 42 USC § 1983 was premised on his claim of malicious prosecution, it likewise should have been dismissed *(see, Fair v City of Rochester,* 84 AD2d 908, 909). (Appeals from order of Supreme Court, Onondaga County, Mordue, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.