OPINION OF THE COURT
Francis A. Affronti, J.
Defendant, City of Rochester, by notice of motion dated December 17, 1990, seeks summary judgment, dismissing a malicious prosecution action commenced by a former city *705 police officer. Defendant’s motion is premised upon the filing of a criminal indictment, which it contends, as a matter of law, established probable cause for plaintiff’s prosecution. Therefore, the sole issue confronting this court is whether sufficient facts have been raised to overcome the presumption of probable cause afforded by the indictment.
This motion incorporates several internal and administrative documents prepared by Rochester police and New York State Police representatives, as well as transcripts of “body wire” conversations and selected pertinent legal proceedings. The 1985 indictment accused the plaintiff of the crimes of receiving reward for official misconduct, second degree, a felony (Penal Law § 200.25) and official misconduct, a misdemeanor (Penal Law § 195.00 [1]). Plaintiff was acquitted of both charges following a nonjury trial.
By way of relevant background, on April 29, 1985, the plaintiff was employed by defendant, City of Rochester, as a police officer. On that date, and following a joint investigation by local police, the Federal Drug Enforcement Administration (DEA), and the New York State Police, Officer Shales was arrested and charged with receiving $500 from a confidential informant, Jose Ortiz. The entire transaction leading to plaintiff’s arrest was photographed and tape recorded by the law enforcement agents. Following the indictment, and upon plaintiff’s motion, the Grand Jury minutes were inspected, but his request to dismiss the criminal charges was denied upon the finding that requisite evidence was presented to the Grand Jury to sustain the accusations.
The defendant maintains that it had reasonable cause to believe that the money given to Ortiz, by DEA agents, was accepted by the plaintiff for information he gave to Ortiz relative to an ongoing drug investigation involving the latter and others. Ortiz was subsequently arrested on drug charges, at which time, he gave a statement that he paid for the data and agreed to cooperate with the police in their investigation of the plaintiff, in return for a plea and sentence promise. With the informant’s assistance, Shales was arrested after he accepted the $500, but contended that the money represented his share of racetrack winnings. However, any purported agreement or understanding between the parties in this regard was vehemently denied by Mr. Ortiz throughout the proceedings.
Following Shales’ arrest and indictment, he was terminated
*706 as a police officer because he refused to aid in the department’s internal investigation of his conduct. There is little, if any, dispute regarding the history of the events in question. Indeed, even during plaintiff’s section 50-h hearing conducted pursuant to the General Municipal Law, he acknowledged that the various police officers’ trial testimony was credible.
As indicated, the city argues that the indictment created a presumption of probable cause sufficient to sustain the criminal allegations, and that, as such, Shales lacks the needed evidence to overcome the presumption. (See, Titus v Hill, 134 AD2d 911; Shopland v County of Onondaga, 154 AD2d 941; Carthens v City of New York, 168 AD2d 408.) Defendant also notes that the denial of plaintiff’s motions to dismiss the indictment, and to dismiss the criminal charges following the prosecution’s proof at trial, corroborates its conclusion. Further, defendant espouses that if the presumption is to be rebutted, evidence of fraud, perjury, or falsification in obtaining the indictment, or proof of a deviation from accepted practices, including the suppression of evidence or other egregious police misconduct, must be shown. (See, Broughton v State of New York, 37 NY2d 451; Gisondi v Town of Harrison, 72 NY2d 280; Colon v City of New York, 60 NY2d 78; Lee v City of Mount Vernon, 49 NY2d 1041; Matter of Williams v City of Hudson, 69 AD2d 921; Shopland v County of Onondaga, supra; Carthens v City of New York, supra, citing Gisondi v Town of Harrison, supra.)
Plaintiff opines, in opposition, that actual malice is present to overcome the presumption because the police did not, as legally mandated, "fully disclose” to the Grand Jury both the informant’s and Shales’ participation in the drug investigation. (See, Gisondi v Town of Harrison, supra; People v Lancaster, 69 NY2d 20; Colon v City of New York, supra.) Shales also asserts that the informant’s failure to testify before the Grand Jury rebuts the presumption because a complete factual disclosure was not obtained, thereby resulting in the suppression of relevant evidence. (See, Colon v City of New York, supra.) According to plaintiff, had Mr. Ortiz testified and cooperated with the police, as he agreed, an indictment was unlikely. Meanwhile, the city counters that the District Attorney, through its police representatives, was not obligated to relate every discrepancy to the Grand Jury, and that the plaintiff could have presented his version of his involvement before that body.
It is clear that mere objection to police conduct and its *707 attendant procedures, without more, and without the requisite showing of malice or other egregious misconduct cannot rebut the presumption. (See, Coyne v State of New York, 120 AD2d 769; Stalteri v County of Monroe, 107 AD2d 1071.) "In short, the police and prosecutors cannot be said to have improperly concealed evidence every time the plaintiff is able to show that they could have done more or could have disclosed more” since "[w]hat is required is proof that the police conduct deviated egregiously from statutory requirements or accepted practices applicable in criminal cases”. (See, Gisondi v Town of Harrison, supra, at 285, citing Lee v City of Mount Vernon, supra.)
It is abundantly obvious to this court that Ortiz’ lack of appearance did not affect the Grand Jury testimony of the various police officers, nor did it rise to the level of presenting an incomplete statement of facts. His trial testimony confirms his hostility and lack of cooperation, including his refusal to answer pertinent questions, deciding instead to exercise his Fifth Amendment right against self-incrimination. Plaintiff’s contention that the city should be responsible for the presentation of Grand Jury witnesses, and also liable for their appearance and testimony, including Ortiz, a person not under its control, but rather solely within a province of the District Attorney, is without merit, and in direct contravention of statute. (See, CPL 190.50.) Such untenable position would serve only to open the civil floodgates and promote the filing of malicious prosecution claims by successful criminal defendants. (See, Gisondi v Town of Harrison, supra.)
A close scrutiny of the record fails to disclose a scintilla of evidence establishing that law enforcement personnel misrepresented salient facts impacting upon the plaintiff’s criminal proceeding. (See, Gisondi v Town of Harrison, supra, citing Hopkinson v Lehigh Val. R. R. Co., 249 NY 296; Boose v City of Rochester, 71 AD2d 59; Ross v Village of Wappingers Falls, 62 AD2d 892.) Likewise, the record does not support the existence of fraud or perjury, or any misrepresentation, police misconduct, the suppression of evidence, or the like. Accordingly, it is determined as a matter of law that defendant prosecuted Mr. Shales with probable cause.
Upon the foregoing, the probable cause presumption has not been rebutted. Therefore, defendant’s motion for summary judgment dismissing plaintiff’s complaint is hereby granted.