| **Franco v City of New York** |
|:---:|
| 2024 NY Slip Op 33249(U) |
| September 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150905/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. HASA A. KINGO | PART | 05M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------------X

JOSEPH FRANCO,

                                 Plaintiff,

                          - v -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DERBY WANCIQUE, ANDREW FITTS,
TIMOT HINTERMAN, NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, NICK VIORST, STEPHANIE
MINOGUE, CONSTANTINE CORITSIDIS, SAMANTHA
DWORKEN, TIMOTHY HEIL

                                Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 150905/2024 |
|---|---|
| MOTION DATE | 07/26/2024, 07/26/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 39, 42, 44, 45, 46

were read on this motion to                                DISMISS               .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 40, 43, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to                                DISMISS               .

      With the instant motion, Defendants New York County District Attorney's Office, Assistant District Attorney Nick Viorst, Assistant District Attorney Stephanie Minogue ("ADA Minogue"), and Assistant District Attorney Samantha Dworken (collectively, "ADA Defendants")[1] move to dismiss Plaintiff Joseph Franco's ("Plaintiff") claims against them based on the doctrine of absolute prosecutorial immunity. Plaintiff opposes the motion and cross-moves to amend the complaint, arguing that the ADA Defendants' investigatory roles remove the shield of absolute immunity.

## BACKGROUND

      Plaintiff, a 20-year veteran of the New York City Police Department ("NYPD"), alleges that he was arrested and detained on July 19, 2019, and subsequently indicted on two counts. His trial commenced on January 19, 2023, where it was revealed that the ADA Defendants intentionally and repeatedly failed to disclose critical discovery materials, in violation of *Brady v. Maryland*, 373 US 83 (1963). This discovery misconduct allegedly led to the dismissal of all charges against Plaintiff with prejudice. Plaintiff's claims include malicious prosecution, denial of

---

[1] By a stipulation dated June 13, 2024 (NYSCEF Doc. 27), this matter was dismissed with prejudice as against Defendants Assistant District Attorney Timothy Hiel and Constantine Coritsides.

**150905/2024 FRANCO, JOSEPH vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001 002**

Page 1 of 5

a fair trial, and intentional infliction of emotional distress, among others. The ADA Defendants now seek dismissal of these claims on the grounds of absolute immunity.

## ARGUMENTS

The ADA Defendants argue that they are shielded by absolute prosecutorial immunity for their actions related to Plaintiff's criminal case, which include the filing of erroneous compliance certificates and discovery violations. They rely on the doctrine established in *Imbler v. Pachtman*, 424 US 409 (1976), which provides prosecutors with absolute immunity for their quasi-judicial actions, including actions closely related to the judicial phase of a prosecution. The ADA Defendants also cite *Van de Kamp v. Goldstein*, 555 US 335 (2009), where the United States Supreme Court extended absolute immunity to claims involving failures to disclose exculpatory evidence due to supervisory deficiencies, training lapses, and misconduct in trial-related functions.

Plaintiff opposes the motion, and cross-moves to amend the complaint. In support of his opposition and cross-motion, Plaintiff argues that the ADA Defendants engaged in investigative activities prior to the initiation of the prosecution, which is an exception to the absolute immunity doctrine. Citing *Burns v. Reed*, 500 US 478 (1991) and *Buckley v. Fitzsimmons*, 509 US 259 (1993), Plaintiff contends that when prosecutors perform investigatory work or provide legal advice to law enforcement in the investigatory phase, they are not entitled to absolute immunity. Plaintiff also seeks leave to amend the complaint, claiming that the amended allegations, which describe the ADA Defendants' investigatory roles, would overcome the immunity defense.

## DISCUSSION

1. **Prosecutorial Immunity:**

The doctrine of absolute prosecutorial immunity is deeply rooted in public policy considerations. As articulated in *Imbler v. Pachtman*, 424 US 409 (1976), the rationale for this immunity is to prevent prosecutors from being harassed by civil litigation, which would detract from their critical role in enforcing criminal law. Indeed, the United States Supreme Court underscored in *Imbler* that prosecutors must be free to exercise their duties without fear of personal liability, as such fear could lead to a chilling effect on their decision-making, resulting in hesitancy or reluctance to prosecute (*id.*). Absolute immunity thus serves to preserve the integrity of the prosecutorial function, even when errors occur, as it does not extend merely to the flawless execution of duties but also to potential lapses in judgment during the judicial phase (*id.*).

Under New York law, a district attorney, when prosecuting a crime, inherently performs a quasi-judicial function and is thus entitled to absolute immunity (*Hirschfeld v City of New York*, 253 AD2d 53, 55 and 59 [1st Dept 1999]["[u]nder New York Law, a District Attorney, in prosecuting crime, is performing a quasi-judicial function and as such is entitled to absolute immunity from civil claims arising out of the scope of that prosecution."]).

Similarly, a prosecutor is immune from civil suits for official acts carried out during the investigation and prosecution of criminal charges with respect to state law claims (*Arteaga v. State of New York*, 72 NY2d 212, 217 [1988]). "The absolute immunity for quasi-judicial discretionary

[* 2]

actions is based on public policy and generally reflects the value judgment that the public interest in allowing officials to exercise discretion free from the fear of retaliatory lawsuits outweighs the benefits of imposing liability" (*id.* at 216). Thus, similar to federal courts, the courts of this state adopt a functional approach when analyzing claims of immunity. However, while federal causes of action arising from a prosecutor's investigative acts are not granted immunity (*see, e.g., Liffiton v. Keuker*, 850 F.2d 73, 76 [2d Cir. 1988]), a prosecutor, as a quasi-judicial officer, is immune from civil suits for official acts performed during the investigation and prosecution of criminal charges under state law (*see Schanbarger v. Kellogg*, 35 AD2d 902 [3d Dept 1970], *appeal dismissed*, 29 NY2d 649, *cert. denied*, 405 US 919). Consequently, with respect to state law claims, prosecutors are afforded broader immunity than they receive under federal law (*cf. Cunningham v. State of New York*, 71 AD2d 181, 183 [3d Dept 1979][holding that a prosecutor acting as an investigator "should not enjoy absolute but only qualified immunity."]).

The ADA Defendants' actions in this case, including the alleged failure to disclose *Brady* material and the submission of erroneous compliance certificates, fall squarely within the scope of prosecutorial functions protected by absolute immunity. In *Van de Kamp v. Goldstein*, 555 US 335 (2009), the United Supreme Court extended immunity to claims against supervisory prosecutors, holding that failures related to the disclosure of impeachment material, even if caused by a lack of training or oversight, are part of the prosecutorial function. *Van de Kamp* clarified that even administrative decisions related to case management, such as training and supervisory responsibilities, are covered by immunity when they pertain to trial advocacy (*id.*).

Here, the court finds that the ADA Defendants' alleged acts—delayed disclosure of exculpatory evidence and erroneous filings—are intimately associated with their roles as advocates in Plaintiff's prosecution. As the Second Circuit reaffirmed in *Warney v. Monroe County*, 587 F.3d 113 (2d Cir. 2009), the disclosure of evidence is an advocacy function, and immunity extends even to situations where exculpatory evidence is withheld. In this case, Plaintiff's claims regarding discovery violations and compliance certificates are directly related to the judicial phase of the proceedings, and, as such, are protected by absolute immunity.

2. **Investigatory Exception to Immunity:**

Plaintiff's reliance on the investigatory exception to prosecutorial immunity is misplaced. While it is true that in *Burns v. Reed*, 500 US 478 (1991) and *Buckley v. Fitzsimmons*, 509 US 259 (1993), the United States Supreme Court recognized that prosecutors do not enjoy absolute immunity when performing investigatory functions or providing legal advice during the pre-prosecution phase, Plaintiff's allegations here do not demonstrate that the ADA Defendants were acting in an investigatory capacity.

Plaintiff has failed to provide sufficient factual support for his assertion that the ADA Defendants' work with the Police Accountability Unit (PAU) was investigatory in nature. As the ADA Defendants have argued, the activities in question—filing compliance certificates and managing discovery—occurred after the commencement of the prosecution and were directly tied to their prosecutorial duties in court. The trial transcript submitted by the ADA Defendants further supports this position, showing that the ADA Defendants' actions were part of their judicial advocacy and presentation of the case, as opposed to pre-trial investigatory work.

[* 3]

Moreover, the court in *Giraldo v. Kessler*, 694 F.3d 161 (2d Cir. 2012), reiterated that absolute immunity applies to acts conducted during the performance of prosecutorial duties, even when those acts involve misconduct. Plaintiff's attempt to recast routine prosecutorial actions as investigatory efforts is unsupported by the evidence and contradicts well-established law that defines the limits of the investigatory exception. The court finds no basis for applying the exception in this case, as Plaintiff's claims pertain solely to actions conducted during the prosecution and trial.

3. **Supervisory Liability and Misconduct:**

Plaintiff's argument that the ADA Defendants should be held liable for their alleged failure to supervise and train subordinates is similarly unavailing. In *Van de Kamp*, the United States Supreme Court unequivocally extended absolute immunity to claims arising from supervisory functions, including failures to train or supervise assistant district attorneys. The court reasoned that imposing liability for such failures would undermine the very purpose of prosecutorial immunity, as supervisory decisions are inseparable from the prosecutorial process.

Even if ADA Minogue's supervisory actions were flawed, as Plaintiff alleges, the fact remains that they are prosecutorial functions shielded by absolute immunity. The law is clear that a prosecutor's motivations, even if malicious or in bad faith, do not strip away immunity. As the Second Circuit held in *Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005), a prosecutor's motive is irrelevant to the question of immunity, and absolute immunity applies regardless of intent.

In light of the foregoing, this court finds that the ADA Defendants are entitled to absolute prosecutorial immunity for the acts alleged in Plaintiff's complaint. The actions described by Plaintiff—including the alleged withholding of discovery, submission of certificates of compliance, and supervisory failures—are intimately associated with the judicial phase of Plaintiff's prosecution and fall squarely within the scope of protected prosecutorial functions. Plaintiff's cross-motion to amend the complaint is denied as futile, as the proposed amendments do not cure the deficiencies related to prosecutorial immunity.

Accordingly, it is hereby

ORDERED that the ADA Defendants' motion to dismiss is granted in its entirety; and it is further

ORDERED that Plaintiff's cross-motion to amend is denied as futile; and it is further

ORDERED that Plaintiff's complaint is dismissed with prejudice as against the ADA Defendants; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of the ADA Defendants accordingly.

150905/2024   FRANCO, JOSEPH vs. THE CITY OF NEW YORK ET AL
Motion No.  001 002

Page 4 of 5

20240917112727HKINGOD39F3B3B452342E4AF0D7657CE6EAD3C

_____  _____
 **9/17/2024**               **HASA A. KINGO, J.S.C.**
 **DATE**

CHECK ONE:              ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION

                        ☒ GRANTED    ☐ DENIED  ☐ GRANTED IN PART      ☐ OTHER

APPLICATION:            ☐ SETTLE ORDER          ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:   ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE