ORPHA STONE, Respondent, *v.* WILLIAM M. EISEN
COMPANY, Appellant.

**Master and servant — liability of seller of appliances for
injured or deformed feet and limbs for improper acts of an
employee.**

1. Where a person enters into an agreement for personal treatment and submits to an examination pursuant to such agreement there is an implied contract that the patient will be treated not only skillfully but decently, respectfully and courteously.

2. Where an employer under such an agreement knowingly put a woman in its employee's immediate and exclusive presence, and she was subjected to an exposure of her limbs as an incident to the employment, the employer is responsible for the manner in which she is treated by the employee and answerable for any failure on his part to conduct himself as the employer impliedly contracted that he would conduct himself when the employment was accepted and entered upon.

*Stone* v. *Eisen Co.*, 173 App. Div. 968, affirmed.

(Argued October 2, 1916; decided October 31, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1916, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin M. Otterbourg* and *Charles A. Houston* for appellant. The master is not liable for the willful or criminal acts of its employee, unless such acts were done, not only within the general scope of the employment, but also with a view to the furtherance of the master's business. (Wood on Master & Servant [2d ed.], 307;

*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Collins* v. *Butler*, 179 N. Y. 156; *Magar* v. *Hammond*, 183 N. Y. 387; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Cohen* v. *D. D., etc., Ry. Co.*, 69 N. Y. 170; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129.) The defendant, not engaged in any public business, was not an insurer of plaintiff's safety. (*Gillespie* v. *B. H. R. R. Co.*, 178 N. Y. 347; *De Wolf* v. *Ford*, 193 N. Y. 397; *Aaron* v. *Ward*, 203 N. Y. 351; *Weller* v. *Consolidated Gas Co.*, 198 N. Y. 98; *Larkin* v. *O'Neill*, 119 N. Y. 221; *Hart* v. *Grennell*, 122 N. Y. 371; *Flynn* v. *Central R. R. Co.*, 142 N. Y. 439; *Swinarton* v. *Le Boutillier*, 7 Misc. Rep. 639; 148 N. Y. 752.)

*Joab H. Banton* and *James I. Moore* for respondent. The amended complaint states facts sufficient to constitute a cause of action. (*Stewart* v. *B. & C. T. R. R. Co.*, 90 N. Y. 588; *Nieto* v. *Clark*, 1 Cliff. 145; *Gillespie* v. *B. H. R. R. Co.*, 178 N. Y. 347; *De Wolf* v. *Ford*, 193 N. Y. 397; *Beilke* v. *Carroll*, 51 Wash. 395; *Aaron* v. *Ward*, 203 N. Y. 351; *Hogan* v. *Clarksburg Hospital Co.*, 59 S. E. Rep. 943, 945; *Louisville University* v. *Hammock*, 106 S. W. Rep. 219; *Gitzhoffen* v. *Sisters, etc.*, 88 Pac. Rep. 691; *Schloendorf* v. *N. Y. Hospital*, 211 N. Y. 125; *Mandeville* v. *Courtright*, 142 Fed. Rep. 97; *Landon* v. *Humphrey*, 9 Conn. 209; *Tish* v. *Welker*, 5 Ohio Dec. 725; *Hancke* v. *Hooper*, 7 C. & P. 81; 32 E. C. L. 444; *Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 245.)

CHASE, J. The defendant is a domestic corporation "engaged in the business of making, buying, and selling medical and surgical appliances and implements and in diagnosing, treating, and prescribing for persons suffering with injured or deformed feet or limbs, and in furnishing appliances for the correction and cure of such deformities."

The complaint alleges: "*Fourth.* That in carrying on

its said business defendant had in its employ, and maintained a staff of servants, clerks, specialists and other employees, including one Otto Eisen, to make examinations of the patrons and patients and to fit such appliances, and in and about its said place of business it had private rooms or booths, in which such examinations and fittings were made by its said employees and specialists.

" *Fifth.* That on or about October 3rd, 1914, plaintiff called at defendant's said place of business to employ defendant to treat her feet and prescribe for and to fit upon her certain braces or appliances for the care, cure and correction of the defects and injuries to her feet from which she was at the time suffering, and defendant then and there accepted such employment and directed said Otto Eisen, one of its employees as aforesaid, to examine plaintiff for such purpose.

" *Sixth.* That in making such examination, said Otto Eisen in the course of his said employment as aforesaid, then and there required and directed plaintiff to enter and occupy one of defendant's said private consultation or examination rooms, during such examination, and in which said consultation room said Otto Eisen was the only other occupant.

" *Seventh.* That plaintiff is a young married woman, and is and was inexperienced and ignorant of the method of treatment of such injuries and ailments as those with which she was at the time suffering, and trusted implicitly in the skill and integrity of defendant's said specialists, servants and other employees to take such diagnosis and examination of her person as was necessary to properly treat her feet.

" *Eighth.* That while making such examination plaintiff was directed by said Otto Eisen, defendant's employee, to recline upon the operating table and to bare or expose her lower limbs, and thereupon said Otto Eisen began rubbing and feeling her lower limbs and the lower portion of her body, which were at the time exposed

to the view of said Otto Eisen in accordance with his directions. * * *

" *Tenth.* That notwithstanding the protests of plaintiff at which she deemed the unusual and unnecessary examination being made by the said Otto Eisen, he continued to rub and otherwise handle the lower portion of plaintiff's body all the while having plaintiff in a reclining position on the table, with her clothing drawn up over her body and face, thereby exposing the lower portion of her body and lower limbs when said Otto Eisen then and there feloniously assaulted plaintiff by laying his hands upon her and with his hands held her on the table and attempted to have and hold sexual intercourse with plaintiff."

It is true as claimed that the defendant's business was private. It was not required to accept the plaintiff for examination and treatment or for the fitting of curative and corrective braces and appliances for her defective feet. It, however, did accept such employment. The employment, and the work to be performed pursuant thereto, was confidential. The defendant, as is alleged, provided a private room and assigned the plaintiff thereto with one of its employees knowing that it would be necessary for her to some extent to expose her limbs to his view and examination.

Where a person so enters into an agreement with a corporation and submits to an examination pursuant to such agreement there is an implied contract that the patient will be treated not only skillfully but decently, respectfully and courteously.

Decent and respectful treatment is implied in the contract from the confidential relation of the parties and especially because of the necessary exposure of the person required of the patient in connection with the services to be performed pursuant to the contract. The implication arises whenever one person is placed in the control or protection of another. It grows out of peculiar and spe-

cial relationships. It has been applied between carrier and passenger as stated in *Stewart* v. *Brooklyn & Crosstown R. R. Co.* (90 N. Y. 588), and in *Gillespie* v. *Brooklyn Heights R. R. Co.* (178 N. Y. 347, and cases cited).

It has also been applied between innkeeper and guest. (*De Wolf* v. *Ford*, 193 N. Y. 397, and cases cited.) It applies between bathhouse keepers and their patrons (*Aaron* v. *Ward*, 203 N. Y. 351), and private hospitals and their patients. (*Hogan* v. *Clarksburg Hospital Co.*, 59 S. E. Rep. 943–945; *University of Louisville* v. *Hammock*, 106 S. W. Rep. 219. See, also, *Schloendorff* v. *New York Hospital*, 211 N. Y. 125, and *Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244, 246.)

As the defendant knowingly put the plaintiff in its employee's immediate and exclusive presence and then subjected her to an exposure of her limbs as an incident to the employment, it is responsible for his treatment of her and answerable for any failure on his part to conduct himself as the defendant impliedly contracted that he would conduct himself when the employment was accepted and entered upon. (*Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170, 173.)

The order should be affirmed, with costs, and the question certified answered in the affirmative.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.