■ MARGARET MORITZ et al., Appellants, v PINES HOTEL, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered August 14, 1975 in Sullivan County, upon a decision of the court at a Trial Term, without a jury, dismissing plaintiffs' complaint. The facts are not in dispute. Mrs. Moritz and Miss Ellison were paying guests at defendants' hotel in Sullivan County. After attending a lecture on the use of fabrics the two ladies were seated on a settee in the upper lobby of the hotel when a hotel porter, William Brown, dropped a heavy commercial vacuum cleaner on the knee of Miss Ellison. When the ladies complained, he verbally abused them and struck Mrs. Moritz forcibly in the face with his fist, knocking her over the settee, rendering her unconscious, and causing her to sustain painful and serious injuries. Upon this record the factual findings of the trial court that the assault was not done in furtherance of the defendants' business and thus not within the scope of employment cannot be disturbed. William Brown, the porter, was hired by defendants to perform menial tasks having to do with cleaning the public rooms of defendants' premises and the discharge of those duties in no way entailed the exercise of judgment and discretion, nor were such duties related to the maintaining of order in the hotel *(de Wolf v Ford,* 193 NY 397). An act is within the scope of a servant's employment when it is necessary to accomplish the purpose of his employment and intended for that purpose. An employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes his employer and when the employer is, or could be, exercising some control directly or indirectly over the employee's activities *(Lundberg v State of New York,* 25 NY2d 467). The act of the employee for which the employer is sought to be held liable may not be outside the general scope of the employment or done with a purpose foreign to the interests of the employer *(Sauter v New York Tribune,* 305 NY 442, 444). Herein, the assault was not necessary or even incidental to the duties of the employee and was an act that could not have been foreseen or controlled by defendants. Next, it cannot be said that the assault was not foreign to the interests of the defendants. The assault was a sudden, inexplicable act without apparent purpose and completely outside the duties and scope of the assailant's employment and is not chargeable to the

employer under the doctrine of *respondeat superior* (*Becker v City of New York,* 2 NY2d 226, 231; *Gibilaro v Lomax Trading Corp.,* 22 AD2d 703, affd 16 NY2d 898). Further, the record herein forecloses consideration of the duty defendants, as innkeepers or hotel operators, may have owed the plaintiffs with respect to the care exercised in hiring or retaining the services of the assaultive porter *(Hall v Smathers,* 240 NY 486). The record consists only of testimony regarding the assault and attendant injuries. It is barren of any evidence that defendants were negligent in their hiring practices. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.