(December 29, 1977)

■ DAVID CORNELL, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54482.)—Appeal from a judgment, entered March 5, 1976, upon a decision of the Court of Claims. Seeking damages for physical and psychiatric suffering as well as medical and hospital expenses, lost earnings and punitive damages as a result of the State's alleged negligence in its operation and maintenance of Kings Park State Hospital and, more particularly, its alleged negligence in the care and treatment of the then infant claimant during his three intermittent commitments thereto in the period from March 31, 1958 through March 9, 1965, claimant instituted the present tort claim against the State. Following a trial, the Court of Claims ultimately determined that claimant had failed to establish the negligence of the State by a fair preponderance of the credible evidence and dismissed the claim, and this appeal ensued. The central incident upon which claimant relies in seeking a recovery herein is an alleged homosexual act committed by an attendant at Kings Park State Hospital upon claimant during the time of his third commitment. Upon our review of the record, we conclude that said act does not warrant a finding of liability in negligence against the State, even assuming *arguendo* that claimant suffered the damages alleged as a result thereof. Hired upon the strong recommendations of his former employers, the attendant had worked for the State for six years prior to the alleged act without any known similar incident. Moreover, after a job rating of fair during his first year of employment with the State, his superiors had rated his work performance in later years as either good or superior, and nothing in the record indicates that the State either knew or should have known of his alleged dangerous homosexual tendencies. Under these circumstances, the risk that he might commit a homosexual act with claimant was not "reasonably to be foreseen" *(Flaherty v State of New York,* 296 NY 342, 346; *Van Barneveld v State of New York,* 35 AD2d 900), and the State was properly found to have taken "every reasonable precaution to protect [claimant] from injury" *(Shattuck v State of New York,* 166 Misc 271, 273, affd 254 App Div 926). Accordingly, we hold that the State was not liable in negligence for the act complained of. We would further add that the *respondeat superior* doctrine is likewise inapplicable to this case because the act in question was obviously neither within the scope of the attendant's employment nor done in furtherance of his duties to his employer *(Sauter v New York Tribune,* 305 NY 442; *Moritz v Pines Hotel,* 52 AD2d 1020). Claimant's remaining contentions are similarly without substance. The record supports the court's finding that claimant failed to carry his burden of establishing that he was injured or damaged because of alleged inadequate supervision at the hospital. Furthermore, the State was properly absolved from liability for its alleged failure to correctly diagnose or treat claimant's mental illness *(Rosario v State of New York,* 33 AD2d 122; *Ferrucci v State of New York,* 42 AD2d 359, affd 34 NY2d 881). As for claimant's alleged right to a jury trial, this contention is frivolous and without foundation in the Court of Claims Act or otherwise (see 19 Carmody-Wait 2d, NY Prac, § 120.45). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The proof indicated that a homosexual act was committed on the person of claimant while he was an infant ward of the State. The attack was committed by an attendant employed by the State. A special relationship had been created by the State in assuming the total care,

custody and control of the infant claimant. The State thereby assumed a high duty of care to protect the infant patient from such harm. The tortious act of the State's employee was a breach of this duty as the employee had been placed in his position of trust and responsibility by the State as his employer (*Stone v Eisen Co.,* 219 NY 205; *Foster v State of New York,* 57 Misc 2d 281; see, also, *Galesburg Sanitarium v Jacobson,* 103 Ill App 26; 34 ALR2d 372, 383, 385). *Stone* clearly established the existence of such a special relationship, and the consequent high duty of care imposed upon the employer, in circumstances wherein a person submitting to medical treatment is in the total control and protection of another. This principle was properly applied in *Foster* wherein the State was liable for the rape of a 15-year-old girl by an employee of the State while she was a mental patient. None of the cases relied upon by the majority concerned this breach of the duty of care within a special relationship existing between the employer, the employee, and the victim. *Flaherty v State of New York* (296 NY 342) and *Van Barneveld v State of New York* (35 AD2d 900) involved assaults by one inmate upon another inmate without a breach of the State's duty of care and are therefore clearly distinguishable. *Shattuck v State of New York* (166 Misc 271, affd 254 App Div 926) does not control the instant case since it did not involve an intentional tort upon an inmate, but arose out of the State's negligence in permitting a mentally defective infant to escape a second time. *Sauter v New York Tribune* (305 NY 442) involved a dispute arising on the public highway between defendant's employee and a stranger. Finally, *Moritz v Pines Hotel* (52 AD2d 1020) is likewise inapposite. In *Moritz (supra),* a guest in a hotel lobby became involved in a dispute with a porter who performed only menial tasks for the employer. The special relationship embracing the elements of confidential trust, care, protection, custody and control between the employer and the victim did not exist nor was the employee placed in such trust position over the injured party. To recapitulate, when a person is injured by the intentional tort of an employee during the existence of a special relationship of confidential care, protection, custody, trust and control between the employer and the victim, then the employer is liable for the tort of the employee arising out of that relationship. The court improperly dismissed the claim in this action. The judgment should be reversed and a new trial ordered.