OPINION OF THE COURT
 

 Memorandum.
 

 The order appealed from should be affirmed, without costs. The dispositive question on this appeal is whether the State should be held vicariously liable for intentional torts committed by its employees outside the scope of their employment on the basis of a purported special protective duty owed the victim by the State. At the age of 14, while a patient in a State mental health facility, plaintiff was homosexually raped by a male attendant. He now seeks to recover damages from the State.
 

 In the absence of any negligent behavior by an employer, liability for acts of an employee may generally be imposed upon the employer pursuant to the doctrine of
 
 respondeat superior
 
 if the employee was acting within the scope of his employment
 
 (Sauter v New York Tribune,
 
 305 NY 442). Although normally it is necessary that the act complained of actually be within the scope of employment, which was not the situation in this case, there are a few exceptions to this rule. One such exists if the employer "by contract or otherwise, has entered into some relation requiring him to be responsible for the protection of the plaintiff’ (Prosser, Law of Torts [4th ed], § 70, p 465; accord 2 Harper and James, Law of Torts, § 26.9, p 1391). In such instances, the employer may be held liable for entirely personal torts committed by its employees. Under common-law principles, this exception to the general rule has normally been applied for various policy reasons in cases involving common carriers
 
 (Stewart v Brooklyn & Crosstown R. R. Co.,
 
 90 NY 588) and innkeepers
 
 (De Wolf v Ford,
 
 193 NY 397, 402), as well as in a few other extremely unusual situations (e.g.,
 
 Stone v Eisen Co.,
 
 219 NY 205).
 

 Plaintiff now urges us to apply this exception so as to impose absolute liability upon the State for any injuries
 
 *1034
 
 suffered by patients at State institutions at the hands of State employees, even if those employees are not acting in the scope of their employment and the State is free from any fault. This we refuse to do, and to the extent that this rationale may have been employed in
 
 Foster v State of New York,
 
 (57 Misc 2d 281), we reject that decision. The relation between the State and patients at State institutions is
 
 sui generis,
 
 and is not aptly compared to the type of voluntarily assumed relationship which may carry with it the imposition of absolute liability.
 

 As to plaintiffs other contentions, we find them to be without merit.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed, without costs, in a memorandum.