373 So.2d 720 (1979)
Beverly C. MARTIN, As Administratrix of the Estate of Joyce Chesworth Atchley, Appellant,
v.
UNITED SECURITY SERVICES, INC., Appellee.
No. KK-165.
District Court of Appeal of Florida, First District.
August 9, 1979.
*721 Charles P. Pillans, III of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellant.
Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
PER CURIAM.
The question on this appeal is whether the court erred in granting summary judgment in favor of appellee as to Count Two of the complaint. Count One alleged negligence on the part of appellee in the employment of a security guard. Count Two sought to impose liability upon the grounds that the security guard was acting within the scope of his employment at the time he raped and killed appellant's decedent. The trial court granted summary judgment as to Count Two, finding there was no genuine issue of material fact and that the appellee's security guard at the time was not acting within the scope of his employment. We agree with the trial court and affirm.
The record reveals that appellee's employee, a security guard, originally went to the home of appellant's decedent, Joyce Atchley, to call his employer and ask why the relief guard had not yet arrived at the apartment complex to which he was assigned. He then left Atchley's home, but returned a few moments later to call his wife and tell her he was delayed. It was at this point that the rape and murder took place. The employee, Turner, was subsequently convicted of second degree murder and sentenced for the offenses.
On this record, we have no difficulty in finding that the employee had "stepped away" from appellee's business at the time of the criminal attack upon Atchley. See Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Reina v. Metropolitan Dade County, 285 So.2d 648 (Fla. 3rd DCA 1973), cert. discharged 304 So.2d 101 (Fla. 1974). It seems clear that the attack upon Atchley was unrelated to the employee's duties as a guard and that the motive for the attack was the furtherance of the employee's interests, not appellees. In these circumstances, the master cannot be held liable for the servant's acts. See Green Cove Springs v. Donaldson, 384 F.2d 197 (5th Cir.1965).
AFFIRMED.
MILLS, C.J., and LARRY G. SMITH, J., concur.
ERVIN, J., specially concurs.
ERVIN, Judge, specially concurring.
I concur in the opinion of the majority solely on the basis of the pleadings as drafted under Count II, which alleged that the employee "was acting within the scope of his employment with the defendant." Aside from the pleaded issue of respondeat superior, an issue which was not pleaded is whether an implied contractual relationship exists between the employer and the person assaulted, which may result in tort liability to the employer. Such a theory has been permitted in other jurisdictions under particular circumstances. See particularly Stone v. William M. Eisen Co., 219 N.Y. 205, 114 N.E. 44, L.R.A. 1918B 291 (1916), and cases collected at annot., 34 ALR2d 372, 384, § 7 (1954). That question is of course not decided by our opinion and in my view remains an open one.