■ Charles W. Ryan, Jr., Respondent, v State of New York, Appellant. (Claim No. 59804.) — Appeal from an order of the Court of Claims, entered

April 15, 1980, which denied a motion by defendant to dismiss the claim. Claimant, an attorney licensed to practice in this State, against whom an indictment was filed but subsequently dismissed for lack of evidence, seeks damages from the State for malicious prosecution and abuse of process. He charges the State, through its agents and employees, including State Police Officers and members of the State Organized Crime Task Force, acting in concert with the then Albany County District Attorney, with improperly causing an indictment to be issued. Specifically, he alleges that material which would have exonerated him was deliberately withheld from the Grand Jury which was investigating his suspected involvement in illegal gambling activities. It is claimed that he was deliberately discredited and damaged so as to enhance the image of the State Organized Crime Task Force and the political ambitions of the District Attorney. As amplified in a supplemental bill of particulars, the specific act which he maintains constituted abuse of process was the disclosure prior to this indictment that he was the subject of a Grand Jury investigation, as a consequence of which he was forced to resign his position as Confidential Law Clerk to a New York State Supreme Court Justice. At the outset of the trial, the State orally moved for summary judgment. As facts essential to justify denial of this motion were expected to be developed by claimant during the trial, decision on the motion was reserved and the matter went forward. Eventually, the State obtained a stay of the trial pending resolution of an appeal to this court of the denial of its motion to quash a subpoena duces tecum. While that appeal was pending, the State again sought summary judgment, which was denied, resulting in the instant appeal. To the extent that the claim is grounded on an unfair presentation by the prosecutor to the Grand Jury, a cause of action is not stated. For those activities intimately associated with the judicial phase of the criminal process, such as presenting matters to a Grand Jury, a prosecutor has absolute immunity *(Cunningham v State of New York,* 71 AD2d 181; see, also, *Rao v State of New York,* 74 AD2d 964). Insofar as the claim is premised on the State's agents and employees having acted outside the scope of their official duties in divulging that claimant was being investigated by the Grand Jury, the claim is equally deficient because the doctrine of *respondeat superior,* the predicate for imposing liability on the State under this theory, is inapplicable (see *Cornell v State of New York,* 60 AD2d 714, affd 46 NY2d 1032). The order should be reversed and defendant's motion to dismiss the claim should be granted. Order reversed, on the law, without costs, and motion by defendant to dismiss the claim granted. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.