485 So.2d 888 (1986)
J.B. ELMORE, Appellant,
v.
Tony VATRANO & Scott-McRae, Automotive Group, Inc., Appellees.
No. BF-156.
District Court of Appeal of Florida, First District.
April 1, 1986.
*889 John F. MacLennan, of Kattman, Eshelman & MacLennan, Jacksonville, for appellant.
Griffin R. Bell, Thomas R. Rebel, of Fisher & Phillips, Atlanta; Charles C. Howell III, of Howell, Liles, Braddock & Milton, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellant seeks review of a final summary judgment entered in favor of appellees in an action alleging that appellant was fraudulently induced to accept employment with appellees. We conclude that there were genuine issues of material fact to be determined, and we therefore reverse the order appealed.
Appellant filed an action for damages for fraud against appellees after he was terminated from their employment in December 1983. Appellant had operated a used car dealership in Atlanta prior to being hired by appellees in July 1983. He and three other individuals were hired as sales managers as part of a new sales program to be implemented at Duval Ford, owned by appellee Scott-McRae. Appellant contended that appellee Vatrano told him that, after an initial 90-day period, he would become general sales manager with a compensation package of at least $10,000 a month. However, appellees asserted that the four new sales managers were all told when hired that the one who performed best after 90 days would be made general sales manager.
One of the other three sales managers received the promotion and appellant was terminated. Appellees contended that the firing resulted from uncooperative behavior and poor performance on the part of appellant. In support of the motion for summary judgment, appellees presented depositions from the other sales managers which indicated that they were informed when hired that they would be competing for the general sales manager's position. Appellees also pointed to the fact that appellant signed a standard sales manager's pay plan agreement upon hiring, and that he signed an employment application which stated that the position was:
... on a probationary basis for a period of ninety (90) working days from the date of hiring and that before the expiration of that period I may be discharged at the sole discretion of the company. I further understand that completion of the probationary period will not result in an employment contract for any specific term.
Appellees stated in their motion for summary judgment that "plaintiff's [appellant's] allegations of specific promises made as alleged are uncorroborated by any witnesses or documents or even by his own testimony." In response to the motion, appellant asserted in his affidavit:

*890 Before he (appellant) agreed to come to Jacksonville, Florida, to take a job with defendant, Scott McRae, he was promised by Mr. Tony Vatrano that he would be made general sales manager of Duval Ford. He was further promised he would have this job for a period of approximately 24 months and that his guaranteed salary would be at least $10,000 per month.
At the time that he determined to come to Jacksonville, Florida, his wife had a very well paying job with a newspaper in Atlanta. He was also running his own used car lot. He and his wife were both quite well settled and would not have agreed to relocate to Jacksonville had the specific representations made by Mr. Vatrano (that he would be made general sales manager with a guaranteed salary of at least $10,000 a month for a period of 24 months) not been made.
Five elements have been recognized as essential in an action at law for damages based on fraudulent misrepresentation: a false statement of material fact; known by the defendant to be false at the time the statement was made; made for the purpose of inducing the plaintiff to act in reliance thereon; action by the plaintiff in reliance on the correctness of the representation; and resulting damage to the plaintiff. Hamlen v. Fairchild Industries, Inc., 413 So.2d 800 (Fla. 1st DCA 1982). Fla.Jur.2d, Fraud & Deceit, sec. 7. Appellees claim that appellant presented no evidence that they knowingly made misrepresentations to him, and that appellant suffered no legally compensable damages. In opposing summary judgment, appellant asserts that he submitted sufficient evidence, largely in the form of his own testimony, that a prima facie case did exist with respect to every element of his cause of action, including that appellees knowingly made misrepresentations and that he sustained compensable damages.
In ruling on a motion for summary judgment, the court should indulge all proper inferences in favor of the party against whom a summary judgment is being requested. Delany v. Breeding's Homestead Drug Company, 93 So.2d 116 (Fla. 1957). As to a summary judgment concerning a cause of action for fraud, in Alepgo Corp. v. Pozin, 114 So.2d 645, (Fla. 3d DCA 1959), the court stated:
Summary judgment is not a substitute for a trial; and fraud is a subtle thing requiring full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute fraud. Since the whole context is necessary for the determination, it is seldom that one can determine the presence or absence of fraud without trial.
Insofar as appellees rely on the general rule against introduction of evidence of an oral agreement to vary a written contract, such evidence "may be introduced to show that the written agreement was procured by fraudulent means." Pena v. Tampa Federal S. & L. Assoc., 363 So.2d 815 (Fla. 2d DCA 1978).
Appellees also contend in support of their motion for summary judgment that the testimony of appellee Vatrano, the testimony of the three other sales managers, as well as appellant's statements in his application for employment and pay plan agreement, "so outweigh his uncorroborated testimony that there is no genuine issue of fact as to the alleged misrepresentations." However, summary judgment is not properly granted based on weight of conflicting testimony. In Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953), the Florida Supreme Court stated with regard to summary judgment, that:
... such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories, or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.
The issues in this case turn essentially on the credibility of the parties and *891 witnesses involved. Appellant's affidavit directly contradicts appellee's witnesses and documents offered in support of summary judgment. Although appellees have presented substantial grounds in support of their motion, appellant's affidavit is in this case sufficient alone to create genuine issues of material fact as to each element of his cause of action for fraudulent misrepresentation.
Reversed and remanded for further proceedings consistent herewith.
BOOTH, C.J., and SMITH, J., concur.