522 So.2d 80 (1988)
John and Jane DOE, Appellants,
v.
FT. LAUDERDALE MEDICAL CENTER MANAGEMENT, INC., Appellee.
No. 87-0494.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
Rehearing Denied April 12, 1988.
*81 Dan Cytryn of Law Offices of Dan Cytryn, P.A., Lauderhill, for appellants.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
SHARP, W., Associate Judge.
John and Jane Doe appeal from a summary judgment which denied them any relief in their suit for damages against the Ft. Lauderdale Medical Center Management, Inc. Jane sought to prove that Bieber, the Center's manager, committed a sexual battery on her when she interviewed at the Center for a job. We reverse.
Read in a light most favorable to the Does, [See Delaney v. Breeding's Homestead Drug Co., 93 So.2d 116 (Fla. 1957); Elmore v. Vatrano, 485 So.2d 888 (Fla. 1st DCA Fla. 1986)], the record in this case established that Jane Doe went to the Center in response to a newspaper ad to apply for the position of a medical assistant. After filling out an application, Jane was then escorted by Bieber into a medical examination room where she was interviewed.
During the interview, Bieber told her he was a part owner of the medical center and he was one of the doctors on the staff. After concluding the job interview, Bieber told Jane it was necessary for medical insurance purposes for her to have a physical examination. He advised her to get the physical done immediately so that if the Board of Directors approved, she could start work the following Monday.
Bieber said the medical insurance company was particularly concerned with cancer, and that he would have to check her for lumps. He then proceeded to probe Jane's neck, arms, and breasts. After she said she had had a recent urinary tract infection, he also felt her abdomen and upper inner thighs.
The record also established that Bieber had in the past represented himself as being a medical doctor. He sometimes introduced himself to patients and others as "Dr. Bieber." He sometimes wore a white jacket, typically worn by doctors. The Center's employees knew of these incidents. He was once reprimanded by his supervisor for referring to himself as a medical doctor.
The Center clearly authorized Bieber to interview job applicants for the staff and allowed him access to a medical examination room for such purposes. Jane was just one of three job applicants Bieber told he was a medical doctor and from whom Bieber requested permission to do a physical examination. A physical examination as a prerequisite to employment is not an unusual requirement for a prospective employee in a health or medical facility.
The Does pled four theories of liability against the Center: (1) the acts of Bieber were the same as the acts of the Center because he was a managing agent; (2) respondeat superior, based on apparent authority; (3) negligent supervision or retention of Bieber as an employee; and (4) breach of an implied contract to safeguard Jane's welfare while she was at the Center. We agree summary judgment was proper regarding the first theory. However, we think there were material issues of fact raised by this record regarding the second, third, and fourth theories of recovery. City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965); Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987); McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970).
The fourth theory, breach of implied contract, has not yet been relied upon by a case decided in Florida, although it has *82 been noted. See Stone v. William M. Eisen Co., 219 N.Y. 205, 114 N.E. 44 (N.Y. 1916); Martin v. United Security Services, Inc., 373 So.2d 720 (Fla. 1st DCA 1979) (Erwin, J., concurring specially); Nazareth v. Herndon Ambulance Service, Inc., 467 So.2d 1076, 1079 (Fla. 5th DCA), rev. denied, 478 So.2d 53 (Fla. 1985). We do not think this theory should be ruled out at this stage of the case.
Accordingly, we reverse the summary judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.