■ CAROL BACON et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents.—In an action, *inter alia,* to recover damages for unlawful imprisonment, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Delaney, J.), entered November 10, 1987, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) judgment of the same court, entered February 9, 1988, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the findings of the Supreme Court, it cannot be said that as a matter of law the defendants were privileged to detain the plaintiffs during the execution of the warrant to search their place of employment. Viewing the evidence in a light most favorable to the plaintiffs *(see, Dowsey v Megerian,*

121 AD2d 497), it is clear that during the execution of the search warrant, the defendants detained the plaintiffs for approximately two hours. To establish a cause of action to recover damages for false imprisonment, the plaintiffs must show that "(1) the defendants intended to confine [them], (2) the plaintiff[s] were conscious of the confinement, (3) the plaintiff[s] did not consent to the confinement and (4) the confinement was not otherwise privileged" *(Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; Restatement [Second] of Torts § 35). Contrary to the court's conclusion, however, the execution of a search warrant does not justify the detention of all of the persons found within the premises to be searched *(see, Barr v County of Albany,* 50 NY2d 247). Moreover, the defendants herein were acting in an investigatorial capacity and may be at best qualifiedly immune from civil liability *(see, Drake v City of Rochester,* 96 Misc 2d 86, *affd* 74 AD2d 996; *Cunningham v State of New York,* 71 AD2d 181). Thus, issues of fact exist concerning the reasonableness of the defendants' conduct and the applicability of their qualified immunity *(see, Parvi v City of Kingston,* 41 NY2d 553; *Sindle v New York City Tr. Auth.,* 33 NY2d 293, *rearg denied* 34 NY2d 755).

Finally, we find that the determination of a Federal court in favor of the defendants in the plaintiffs' prior civil rights action pursuant to 42 USC § 1983 *(see, Bacon v County of Westchester,* US Dist Ct, SD NY, May 30, 1986, Keenan, J.), is not entitled to collateral estoppel effect to bar the litigation of the plaintiffs' cause of action under State law. The Federal court declined to exercise its pendent jurisdiction over the plaintiffs' false imprisonment cause of action and thus no determination on the merits was reached *(see, United Mine Workers v Gibbs,* 383 US 715, 726). Furthermore, there was no identity of issues nor were the plaintiffs afforded a full and fair opportunity to litigate their cause of action under State law *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.