■ ROSEN & BARDUNIAS et al., Appellants-Respondents, v COUNTY OF WESTCHESTER et al., Respondents-Appellants. (Action No. 1.) PETER BARDUNIAS et al., Appellants-Respondents, v COUNTY OF WESTCHESTER et al., Respondents-Appellants. (Action No. 2.)

Contrary to the plaintiffs' contentions, the Supreme Court correctly dismissed the first seven causes of action in action number 2. Notwithstanding the plaintiffs' allegations that Assistant District Attorney Willcox was motivated by malice and was less than forthright in his prosecution of the criminal charges for which the plaintiffs were ultimately exonerated, the defendants are absolutely immune from civil liability for exercising this prosecutorial function (see, Imbler v Pachtman, 424 US 409; Arteaga v State of New York, 72 NY2d 212, 216; Ryan v State of New York, 81 AD2d 947, affd 56 NY2d 561; Whitmore v City of New York, 80 AD2d 638). Furthermore, the Supreme Court correctly denied the defendants summary judgment on the plaintiffs' causes of action in action number 1 arising out of the manner in which the defendants obtained and executed the search warrant in the course of the criminal investigation of the plaintiffs. With regard to these claims, the defendants were acting only in an investigatorial capacity, and thus were correctly held to enjoy only a qualified immunity from civil liability (see, Bacon v County of Westchester, 149 AD2d 451; Cunningham v State of New York, 71 AD2d 181; Drake v City of Rochester, 96 Misc 2d 86, affd 74 AD2d 996).

Although the defendants were not entitled to summary judgment in action number 1 on the ground of absolute prosecutorial immunity, several of the plaintiffs' causes of action in action number 1 should have been dismissed owing to the inadequacy of the plaintiffs' notices of claim (see, General Municipal Law § 50-e). Since the notice of claim

relating to action number 1 fails to adequately apprise the county and the individual defendants of the plaintiffs' assault, unlawful imprisonment or conversion causes of action, these causes of action should have been dismissed *(see, Mojica v New York City Tr. Auth.,* 117 AD2d 722).

We further conclude that the court erred in granting that branch of the motion of the defendant Willcox which was to strike the demand for punitive damages against him. Although punitive damages are not available against a municipal corporation because the imposition of such damages would punish the taxpayer rather than the wrongdoer *(see, Sharapata v Town of Islip,* 56 NY2d 332; *Bishop v Bostick,* 141 AD2d 487), punitive damages may be assessed against a municipal employee who engages in intentional wrongdoing in excess of the scope of his official duties. Under such circumstances, the employee will not be entitled to indemnification (Public Officers Law § 18 [4] [b], [c]), but, rather, will be personally liable for any punitive damages assessed against him *(Carney v City of Utica,* 148 AD2d 927; *Kelly v Kane,* 98 AD2d 861; *Miller v City of Rensselaer,* 94 AD2d 862). In the case at bar, the plaintiffs have alleged that the defendant Willcox committed intentional and malicious acts during the investigatory phase of the plaintiffs' prosecution which are clearly beyond the scope of his authority as an Assistant District Attorney. Accordingly, the plaintiffs are entitled to seek punitive damages against this defendant only.

We have reviewed the parties' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.