■ ROGER J. BLACKBURN, Respondent, v GOR-MAC ELECTRIC, INC., Appellant, et al., Defendant. [667 NYS2d 549] —Order unanimously reversed on the law with costs, motion granted and complaint dismissed against defendant Gor-Mac Electric, Inc. Memorandum: Plaintiff was injured when he slipped while attempting to move a pipe threading machine onto a sheet of plywood. He alleged that an employee of defendant Gor-Mac Electric, Inc. (Gor-Mac), negligently cleaned up oil in the vicinity of the machine. Plaintiff asserted causes of action pursuant to Labor Law §§ 200 and 241 (6) and for common-law negli-

gence. The Labor Law causes of action were dismissed upon stipulation, and Gor-Mac moved for summary judgment on the common-law negligence cause of action. Supreme Court denied the motion. We reverse.

There is no question that the Gor-Mac employee was acting within the scope of his employment when he cleaned up the oil (*see generally, Cornell v State of New York*, 46 NY2d 1032, *rearg denied* 47 NY2d 951). Gor-Mac established, however, that the employee was a "loaned servant", that is, he was in the special service of defendant Eastman Kodak Company (Eastman Kodak) (*see, Ramsey v New York Cent. R. R. Co.*, 269 NY 219). According to the affidavit of the president of Gor-Mac, the employee was loaned to Eastman Kodak on an as-needed basis, worked under the direct supervision and control of Eastman Kodak and took orders for work assignments from Eastman Kodak supervisory personnel. Thus, the employee was transferred for a limited time to the service of Eastman Kodak, and Gor-Mac was not responsible for his alleged negligence during that time period (*see, Parke-Bernet Galleries v Franklyn*, 26 NY2d 13, 19). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present— Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.