Sculti v Finley (2018 NY Slip Op 08523)





Sculti v Finley


2018 NY Slip Op 08523


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00799
 (Index No. 58694/16)

[*1]Christopher J. Sculti, et al., appellants,
v
Ben Finley, et al., defendants, Westchester County, et al., respondents.


Frank P. Allegretti, Harrison, NY, for appellants.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and David H. Chen of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated December 19, 2016. The order granted the motion of the defendants Westchester County and Laura Forbes pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Westchester County and Laura Forbes pursuant to CPLR 3211(a) which were to dismiss the causes of action to recover damages based upon the alleged use of false information to obtain a search warrant of the plaintiffs' home in violation of their civil rights under 42 USC § 1983 and based upon the alleged failure to return seized personal property in violation of the plaintiffs' civil rights under 42 USC § 1983, and substituting therefore a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action against, among others, the defendants Westchester County and Assistant District Attorney Laura Forbes (hereinafter together the County defendants), alleging, in relevant part, that the County defendants caused a search warrant to be executed on the plaintiffs' home that was based upon materially false information, seized certain personal property, refused to return that personal property despite not having charged the plaintiffs with a crime, and failed to investigate the plaintiffs' claims of crimes committed against them. In their amended complaint, the plaintiffs asserted four causes of action against the County defendants: the use of false information to obtain a search warrant of their home in violation of their civil rights under 42 USC § 1983, failure to return seized personal property in violation of their civil rights under 42 USC § 1983, common-law conversion, and failure to investigate in violation of their civil rights under 42 USC § 1983.
The County defendants moved pursuant to CPLR 3211(a) to dismiss the amended [*2]complaint insofar as asserted against them and the plaintiffs opposed the motion. The Supreme Court granted the motion in its entirety. The plaintiffs appeal.
A prosecutor acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is absolutely immune from a civil suit for damages pursuant to 42 USC § 1983 (see Imbler v Pachtman, 424 US 409, 431). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [his or her]role as an advocate for the State, are entitled to the protections of absolute immunity" (Buckley v Fitzsimmons, 509 US 259, 273; see Shmueli v City of New York, 424 F3d 231, 236-237 [2nd Cir]). However, prosecutors enjoy only qualified immunity when acting in an investigative capacity (see Rodrigues v City of New York, 193 AD2d 79, 85; see also Blake v City of New York, 148 AD3d 1101, 1104; Johnson v Kings County Dist. Attorney's Off., 308 AD2d 278, 285; Rosen & Bardunias v County of Westchester, 158 AD2d 679, 680). Conduct in connection with the application for a search warrant is investigative in nature and, therefore, is governed by qualified immunity (see Delgado v City of New York, 86 AD3d 502, 510; Rossi v City of Amsterdam, 274 AD2d 874, 877). Here, viewing the allegations in the complaint in the light most favorable to the plaintiffs, the complaint stated a cause of action based upon Forbes's conduct in connection with obtaining the search warrant (see Delgado v City of New York, 86 AD3d at 510). We cannot say at this stage of the action whether Forbes is entitled to qualified immunity.
We disagree with the Supreme Court's determination that the complaint does not state a cause of action to recover damages based upon the County defendants' alleged wrongful retention of the plaintiffs' personal property in violation of the Fourth Amendment (see United States v Syphers, 426 F3d 461, 468-469 [1st Cir]; Della Pietra v State, 125 AD2d 936, 938, affd 71 NY2d 792). However, we agree with the court's determination granting dismissal of the plaintiffs' cause of action sounding in common-law conversion for failure to serve a notice of claim (see Finke v City of Glen Cove, 55 AD3d 785, 786; Smith v Scott, 294 AD2d 11, 21). We also agree with the court's determination granting dismissal of the plaintiffs' cause of action to recover damages based upon the County defendants' alleged failure to investigate crimes purportedly committed against them (see Harrington v County of Suffolk, 607 F3d 31, 35 [2nd Cir]; Naples v Stefanelli, 972 FSupp 2d 373, 388 [ED NY]).
The plaintiffs' remaining contention, which involves matter dehors the record, is not properly before this Court.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court