Neuman v Echevarria (2019 NY Slip Op 02530)





Neuman v Echevarria


2019 NY Slip Op 02530


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-00662
 (Index No. 703432/16)

[*1]Marvin Neuman, respondent, 
v
David Echevarria, defendant, Richard Capuano, appellant.


Kenneth D. Litwack, Bayside, NY, for appellant.
Michael G. O'Neill, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and assault, the defendant Richard Capuano appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated December 1, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him based upon res judicata, collateral estoppel, and failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff encountered a tow truck that was in the process of towing his vehicle for Scofflaw violations. The defendant Richard Capuano (hereinafter the defendant), a New York City Marshal, and three other individuals from a private tow company were overseeing the towing process. The plaintiff alleged that two of the three individuals who were with the defendant assaulted him and then left the scene with the defendant. The plaintiff called the police, who, after locating the defendant and speaking with him, arrested the plaintiff for obstruction of governmental administration. The charges were ultimately dismissed.
The plaintiff commenced an action in the United States District Court for the Eastern District of New York against, among others, the defendant, alleging that the defendant violated 42 USC § 1983 and state common law in relation to the plaintiff's arrest and the alleged assault against him. The defendant moved to dismiss the federal action insofar as asserted against him, and the federal district court granted the motion to the extent of dismissing the 42 USC § 1983 causes of action. The federal district court declined to exercise jurisdiction over the state common-law causes of action.
The plaintiff subsequently commenced this action, alleging, inter alia, false arrest and assault against, among others, the defendant. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him on the grounds of res judicata, collateral estoppel, and failure to state a cause of action. The Supreme Court denied the defendant's motion, and the defendant appeals.
Since the federal court did not assume jurisdiction over the plaintiff's pendent state [*2]law causes of action, they are not barred by res judicata (see Van Hof v Town of Warwick, 249 AD2d 382; Mattes v Rubinberg, 220 AD2d 391; Creative Bath Prods. v Connecticut Gen. Life Ins. Co., 173 AD2d 400; Bacon v County of Westchester, 149 AD2d 451). Furthermore, they are not barred by collateral estoppel, as the federal court did not decide issues identical to those raised by the plaintiff's state law causes of action (see Bacon v County of Westchester, 149 AD2d 451; cf. Karimian v Time Equities, Inc., 164 AD3d 486, 488-489).
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]; see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). " Whether a plaintiff can ultimately establish its allegations is not part of the calculus'" (Sokol v Leader, 74 AD3d at 1181, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). However, "[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d at 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275; see Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683).
Contrary to the defendant's contention, the plaintiff's allegation that the defendant provided false information to the police and/or persuaded and conspired with the arresting police officer to have the plaintiff arrested falsely was sufficient to state a cause of action alleging false arrest (see generally Williams v CVS Pharmacy, Inc., 126 AD3d 890). The defendant failed to establish that "no significant dispute exists" regarding this allegation (Guggenheimer v Ginzburg, 43 NY2d at 275).
The defendant also failed to establish that the plaintiff has no cause of action alleging assault under the doctrine of respondeat superior (see generally Sokol v Leader, 74 AD3d at 1182). His affidavit failed to conclusively establish that the tow truck operators were not his agents or that they were not acting within the scope of their employment in order to complete seizure of the vehicle or to hinder the plaintiff from interfering with the seizure of the vehicle.
Accordingly, we agree with the Supreme Court's denial of those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him based on res judicata, collateral estoppel, and failure to state a cause of action.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court