DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**HOLLYWOOD DIAGNOSTIC CENTER, INC.**
a/a/o **JUANITA B. DANCY,**
Appellee.

No. 4D21-202

[October 27, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case Nos. 062010SC013978AXXXCE and 062018AP011524AXCCCE.

DeeAnn J. McLemore and Charles W. Hall of Banker Lopez Gassler P.A., St. Petersburg, Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Christopher L. Kirwan and R. Ryan Smith of Kirwan Spellacy Danner Watkins & Brownstein, P.A., Fort Lauderdale, for appellant.

Joseph R. Dawson of Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

State Farm Mutual Automobile Insurance Company appeals the county court's final judgment for Hollywood Diagnostic Center, Inc. State Farm raises three issues on appeal. As explained below, we agree with State Farm on all three issues and reverse.

First, State Farm argues the court erred when it granted summary judgment despite the existence of disputed issues of material fact. State Farm argues Hollywood Diagnostic's affidavit in support of summary judgment was conclusory. To support the reasonableness of the prices it charged, Hollywood Diagnostic relied upon the affidavit and the deposition testimony of its owner. In the affidavit, the owner asserted Hollywood Diagnostic's prices were reasonable, but when questioned at

deposition, the owner did not have actual knowledge of reasonable market prices.

State Farm argues it was inappropriate to enter summary judgment based on this conclusory and self-serving testimony. Testimony is conclusory and self-serving when it amounts no more than a "net opinion." *Sweet v. Sheehan*, 932 So. 2d 365, 369 (Fla. 2d DCA 2006). We agree that the testimony in this case was conclusory and self-serving.

Second, State Farm maintains the court incorrectly struck the affidavit of its expert coding witness. We agree. The county court concluded the witness failed to consider the amount providers were charging in the community and "did not do the right computation, based upon the right information." But that conclusion contradicts the expert's affidavit. The expert based his opinion on helping medical billing staff establish fees; a review of thousands of CMS 1450 and CMS 1500 claims; experience with Medicare Part B schedules; OIR market investigations of benefit plans; and a review of explanation of benefits. The expert's affidavit also explained her methodology of comparing the Florida Worker's Compensation Fee Schedule, Medicaid, and provider charges in the community and then comparing "those figures to the amount charged by the provider in question and the amount allowed by the insurer." At the summary judgment stage of the proceeding, the court erred when it struck the coding expert's affidavit.

Third, State Farm argues the court erred when it granted summary judgment on the issues of medical necessity and relatedness.

As for medical necessity, State Farm and Hollywood Diagnostic provided competing expert affidavits. The experts reached different conclusions about the medical necessity of x-rays. The court erred when it weighed the credibility of the experts and discounted State Farm's expert to decide the summary judgment motion. *See Elmore v. Vatrano*, 485 So. 2d 888, 891 (Fla. 1st DCA 1986) ("[S]ummary judgment is not properly granted based on weight of conflicting testimony."). Finally, we agree a genuine issue of material fact exists on relatedness. Hollywood Diagnostic's affidavit in support of summary judgment stated that the provider concluded the accident led to the injuries to the patient. However, State Farm's competing evidence revealed the insured was in a bus accident days before the accident in question.

In conclusion, we reverse the county court's final judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

KLINGENSMITH and ARTAU, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**